UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

VIC LOTAN, derivatively on behalf of
Horizon Properties LLC, and derivatively on
behalf of 137 and 138 Realty LLC,

     Plaintiff,

 -against-

HORIZON PROPERTIES LLC, 137 EAST
25TH STREET ASSOCIATES LLC, NEW 137
AND 138 REALTY LLC, VIC LOTAN,
JAMES K. COLEMAN, and BEHZAD
NEHMADI, a/k/a BEN NEHMADI

     Defendants.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-27-14

14 Civ. 3134 (PAC)

**SUMMARY ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

 Plaintiff Vic Lotan ("Lotan") brings this action derivatively on behalf of Horizon Properties LLC ("Horizon") and 137 and 138 Realty LLC ("Realty") against Horizon, 137 East 25th Street Associates LLC, New 137 and 138 Realty LLC (the "Defendant LLCs"), James K. Coleman ("Coleman"), Behzad Nehmadi ("Nehmadi"), and, oddly, himself (collectively, the "Defendants"), for claims that arise out of a dispute over the payment of a loan.

 Lotan is a co-manager and member of Horizon, which owns 79.5% of Realty. Coleman is a co-manager and member of 137 East 25th Associates LLC and Realty. Nehmadi is a co-manager and member of all of the Defendant LLCs (including Horizon) and Realty. The sole asset of Realty is a building located at 137 East 25th Street and 138 East 26th Street (the "Premises"), which is rented by City University of New York and other tenants. In 2004, Realty acquired a loan from UBS backed by a mortgage on the Premises (the "UBS loan"). The UBS

1

loan was worth $13 million with a maturity date of February 11, 2014. Despite Lotan's wishes, Nehmadi allegedly refused to refinance the loan. Instead, Nehmadi and Coleman insisted that each Realty member, including Lotan, prepay the loan by December 2013. When Lotan refused to prepay his proportionate share, Nehmadi and Coleman formed another entity to purchase the UBS loan. Lotan claims Nehmadi and Coleman did this to obtain the mortgage so that they could foreclose on the property for their own accounts, and enforce a default rate of interest against Realty for the purpose of diluting Lotan's share.

Based on these events, Lotan claims that Nehmadi and Coleman breached their fiduciary duties and covenants of good-faith and fair dealing to Realty and Horizon. Lotan seeks judicial dissolution of Realty. He also seeks a declaratory judgment that Nehmadi and Coleman cannot continue to act as co-managers of Realty. Finally, he seeks the appointment of a temporary receiver to manage the affairs of Realty during the pendency of this action.

Plaintiff filed an Order to Show Cause, requiring Defendants to show why equitable relief should not issue. Defendants oppose the Order, and move to dismiss, arguing: (1) the Court does not have subject matter jurisdiction over the action because diversity is destroyed when an LLC member sues derivatively on behalf of the LLC; (2) Plaintiff's claims are subject to arbitration; and (3) Plaintiff lacks standing to assert claims derivatively on behalf of Realty.

Defendants' motion to dismiss for lack of diversity is granted. Since Lotan named himself as a defendant, there is no diversity. But more significantly, Lotan brings this action derivatively on behalf of Horizon and Realty. He claims that co-managers of Horizon (Nehmadi) and Realty (Nehmadi and Coleman) engaged in conduct injurious to those LLCs. For purposes of diversity jurisdiction, an LLC has the citizenship of each of its members. *See Handelsman v. Bedford Vill. Assocs. Lt. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000). Horizon

therefore shares citizenship with Lotan (who is an Israeli citizen). Plaintiff's common citizenship with the LLC destroys complete diversity. *See Bischoff v. Boarshead Provisions Co., Inc.*, 436 F. Supp. 2d 626, 634 (S.D.N.Y. 2006)("There is no dispute that as long as [Plaintiff] may bring derivative claims on behalf of [the LLC], then [the LLC] is a true defendant that destroys complete diversity in this case."); *Haymes v. Columbia Pictures Corp.*, 16 F.R.D. 118, 120 (S.D.N.Y. 1954)(citing *Lavin v. Lavin*, 182 F.2d 870 (2d Cir. 1950)). This Court therefore lacks jurisdiction to hear this case.

## CONCLUSION

Since there is no diversity, the Court grants Defendants' motion to dismiss, without prejudice, for want of jurisdiction. The Clerk of Court is directed to enter judgment and close this case. The conference scheduled to take place on May 28, 2014 is marked off the calendar.

Dated: New York, New York
      May 27, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge